UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                          :    Chapter 11
                                               :
Aegerion Pharmaceuticals, Inc., et al.,[1]     :    Case No. 19-11632 (MG)
                                               :
                    Debtors.                   :    (Jointly Administered)
------------------------------------------------------x

**ORDER:  (I) APPROVING DISCLOSURE STATEMENT;
(II) ESTABLISHING DATE OF CONFIRMATION HEARING;
(III) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT PLAN,
INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION
PACKAGES, (B) APPROVING FORM AND MANNER OF NOTICE OF
CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE
AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION
PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING
DEADLINE FOR RECEIPT OF BALLOTS, AND (F) APPROVING
PROCEDURES FOR VOTE TABULATIONS; (IV) ESTABLISHING
DEADLINE AND PROCEDURES FOR FILING
OBJECTIONS TO CONFIRMATION OF PLAN; (V) APPROVING
<u>RIGHTS OFFERING PROCEDURES; AND (VI) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105, 363, 1125 and 1126 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3017-1 of the Local Bankruptcy Rules for the Southern District of New York:  (i) approving the *Disclosure Statement for Debtors' Joint Chapter 11 Plan* (including all exhibits thereto and as may be amended, modified or

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are Aegerion Pharmaceuticals, Inc. (0116), and Aegerion Pharmaceuticals Holdings, Inc. (1331).  The Debtors' executive headquarters are located at 245 First Street, Riverview II, 18th Floor, Cambridge, MA 02142.

[2]  Capitalized terms used but not defined herein shall have the respective meanings given to them in the Motion.

supplemented from time to time, the "**Disclosure Statement**"); (ii) establishing the date of the hearing regarding confirmation of the Plan (the "**Confirmation Hearing**"); (iii) establishing procedures for the solicitation and tabulation of votes to accept or reject the *Debtors' Joint Chapter 11 Plan* (including all exhibits thereto and as may be amended, modified or supplemented from time to time, the "**Plan**"), including (a) approving the form and manner of the solicitation packages to be sent to parties in interest in these cases, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a voting record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iv) establishing the deadline and procedures for filing objections to confirmation of the Plan; (v) approving the procedures for the Rights Offering, and corresponding subscription form, substantially in the forms annexed hereto as Exhibit D (including all exhibits thereto, and as the same may be amended, modified or supplemented from time to time, the "**Rights Offering Procedures**"); and (vi) granting related relief; and it appearing that due and sufficient notice pursuant to Bankruptcy Rule 2002(b) of the hearing to approve the Motion and the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and other parties in interest; and sufficient cause appearing therefor, it is hereby

        ORDERED, ADJUDGED AND DECREED that:

        1.        The Motion is granted to the extent set forth herein.

        2.        The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3. Except as provided in paragraph 5 below, the Debtors shall mail or cause to be mailed to holders of claims against each of the Debtors entitled to vote on the Plan, so that such mailing commences no later than July 18, 2019 (the "**Solicitation Commencement Deadline**"), a solicitation package containing: (a) written notice (the "**Confirmation Hearing Notice**"), substantially in the form attached hereto as Exhibit A, of (i) the Court's approval of the Disclosure Statement, (ii) the deadline for voting on the Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the Plan, which Confirmation Hearing Notice is approved; (b) copies of the Plan and the Disclosure Statement, which may be on a USB flash drive; (c) the appropriate ballot (substantially in the forms attached hereto as Exhibits B-1 through B-5) and ballot return envelope; and (d) such other information as the Court may direct or approve (collectively, the "**Solicitation Package**"). The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to holders of Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 5 (Ongoing Trade Claims), Class 6A (Government Settlement Claims), Class 7 (Existing Securities Law Claims) and Class 8 (Existing Interests) (the "**Non-Voting Parties**"). The Debtors shall mail or cause to be mailed to each Non-Voting Party, so that such mailing commences no later than the Solicitation Commencement Deadline, the applicable Non-Voting Notice, substantially in the forms attached hereto as Exhibit C-1 (for Unimpaired Creditors) and C-2 (for Non-Voting Impaired Classes). Subject to the procedures set forth herein relating to temporary allowance of Claims for voting purposes, the Non-Voting Parties shall not be entitled to vote on the Plan.

5.  With respect to Solicitation Packages to be distributed to holders of Claims in Class 6B related to the Convertible Notes Claims, the Debtors shall distribute or cause to be distributed Solicitation Packages, including Ballots, to record holders of such claims, including without limitation, indenture trustees, brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "**Voting Nominees**"), and each Voting Nominee shall be entitled to receive reasonably sufficient numbers of Solicitation Packages (including Beneficial Ballots) to distribute via first class mail to the beneficial owners of the claims for whom such Voting Nominee acts (collectively, the "**Beneficial Owners**"). Each Voting Nominee is directed to forward the Solicitation Package to the Beneficial Owners of the Convertible Notes Claims entitled to vote on the Plan represented by such Voting Nominee using one of the following two methods (to be selected by the Voting Nominee) within five (5) business days of receipt of the Solicitation Packages:

   a.  Master Ballots:  A Voting Nominee may obtain the votes of Beneficial Owners by forwarding to the Beneficial Owners the applicable unsigned Beneficial Ballot, together with the Solicitation Package, a return envelope provided by, and addressed to, the Voting Nominee, and other materials requested to be forwarded.  Each such Beneficial Owner may then indicate its vote on the Beneficial Ballot, provide the information requested in the Beneficial Ballot, review the certifications contained in the Beneficial Ballot, and return the Beneficial Ballot in sufficient time to be summarized on a master ballot (the "**Master Ballot**"), in substantially the form of the Master Ballot (and instructions attached thereto) annexed to the Proposed Order as Exhibit B-3.  The Voting Nominee then will summarize the individual votes of its respective Beneficial Owners from their Beneficial Ballots (in substantially the form of the Ballot annexed hereto as Exhibit B-4) on the Master Ballot and then return the Master Ballot to the Solicitation Agent so that it is received prior to the Voting Deadline.  All Beneficial Ballots returned by Beneficial Owners will be retained by Voting Nominees for inspection for at least one year from the Voting Deadline.

   b.  Pre-Validated Ballots:  A Voting Nominee may pre-validate a Beneficial Ballot by, as applicable:  (i) signing the applicable Beneficial Ballot; (ii) indicating on the Beneficial Ballot the account number of the applicable Beneficial Owner, and the amount of the securities held by the Voting Nominee for such Beneficial Owner; and (iii) forwarding such Beneficial

4

> Ballot together with the Solicitation Package and other materials requested to be forwarded to the Beneficial Owner for voting. The Beneficial Owner may then indicate its vote on the Beneficial Ballot, provide the information requested in the Beneficial Ballot, review the certifications contained in the Beneficial Ballot, and return the Beneficial Ballot directly to the Solicitation Agent so that it is received by the Solicitation Agent before the Voting Deadline. A list of the Beneficial Owners to whom pre-validated Beneficial Ballots were delivered will be maintained by each applicable Voting Nominee for inspection for at least one year from the Voting Deadline.

6. The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in accordance with customary procedures. Each Voting Nominee shall (i) return such results in a Master Ballot, and (ii) retain the copies of the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline.

7. In order for its vote to be counted, the Beneficial Owner is required to return its Beneficial Ballot to the Voting Nominee, in a return envelope which shall be provided by and addressed to the Voting Nominee, so that it is received prior to the Voting Deadline, or such earlier deadline as may be established by the Voting Nominee.

8. July 11, 2019 is established as the record date (the "**Voting Record Date**") for purposes of determining the creditors and interest holders of the Debtors entitled to receive the Solicitation Package or a Non-Voting Notice and to vote on the Plan; provided, however, with respect to transfers of claims filed pursuant to Bankruptcy Rule 3001, the holder of a claim as of the Voting Record Date shall be the transferor of such claim unless the documentation evidencing such transfer was docketed by the Bankruptcy Court on or before twenty-one (21) days prior to the Voting Record Date and no timely objection with respect to such transfer was filed by the transferor.

5

9.   Prime Clerk LLC ("**Prime Clerk**" or the "**Solicitation Agent**" or the "**Balloting Agent**", as applicable) will inspect, monitor and supervise the Plan solicitation process, tabulate the ballots and certify to the Court the results of the balloting.

10.   The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service as undeliverable, unless the Debtors or the Solicitation Agent are provided with an accurate address at least seven (7) days before the Voting Deadline.

11.   The Paper Ballots, including the Master Ballots, substantially in the forms attached hereto as Exhibits B-1 through B-5, are hereby approved.

12.   All Ballots and Master Ballots must be properly executed, completed and delivered to the Balloting Agent by (a) electronic submission through the Balloting Agent's "E-Ballot" platform, located at https://cases.primeclerk.com/aegerion, or (b) first class mail, overnight mail, hand delivery, or courier, in each case, in the return envelope provided with the Ballots, to: Aegerion Pharmaceuticals, Inc. Ballot Processing Center, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, so that the Ballots and Master Ballots are received on or before August 15, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "**Voting Deadline**"), unless extended by the Debtors. The Ballots and Master Ballots cast by facsimile or email will not be counted unless approved in advance by the Debtors, upon consultation with the Committee, in writing.

13.   For purposes of voting on the Plan, with respect to all creditors of the Debtors entitled to vote on the Plan, the Debtors propose that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a. the claim amount listed in the Debtors' schedules of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law); however, if the applicable bar date has not yet passed at the time of the Voting Record Date, such claims shall be entitled to vote for the purpose of numerosity in the amount of $1.00;

b. the noncontingent and liquidated amount specified in a proof of claim timely filed with Prime Clerk (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection filed no later than five (5) business days prior to the Voting Deadline (or, if such claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order);

c. the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), <u>provided</u> that a motion is brought, notice is provided and a hearing is held no later than five (5) business days prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules;

d. except as otherwise provided in subparagraph (c) hereof, with respect to Ballots cast by alleged creditors whose claims (i) are not listed on the Debtors' schedules of liabilities or (ii) are listed as disputed, contingent and/or unliquidated on the Debtors' schedules of liabilities, but who have timely filed proofs of claim in unliquidated or unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, such ballots shall be counted as allowed claims in the amount of $1 solely for the purpose of determining whether the requirements of section 1126(c) of the Bankruptcy Code have been satisfied;

e. if the Debtors or the Solicitation Agent determine, in their discretion after reasonable review, that a creditor has filed duplicative proofs of claim against the same Debtor, only the last proof of claim will be used for the purpose of vote tabulation regardless of whether the Debtors have objected to such duplicative claim; and

f. if a proof of claim has been amended by a later filed proof of claim, the later filed amended claim shall be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed claim

7

should be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

14. Holders of claims filed in the amount of $0.00 shall not be entitled to vote.

15. The Debtors may object to any claim (as defined in section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a determination motion (the "**Determination Motion**") with the Court no later than ten (10) business days before the Voting Deadline. Responses, if any, to the Determination Motion shall be filed no later than five (5) business days prior to the hearing on the Determination Motion. The Court will schedule a hearing on any Determination Motion no later than five (5) business days prior to the Voting Certification Deadline. If a Determination Motion is filed, the ruling by the Court on the Determination Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the Court. The filing of a Determination Motion or a ruling by the Court thereon shall not affect the right or ability of the Debtors, upon the Effective Date, to later object to such claim(s) for any other purposes, including distribution under the Plan.

16. The Balloting Agent shall tabulate the vote on account of a Claim subject to a Determination Motion in accordance with the Determination Motion unless the creditor files a Claims Estimation Motion no later than five (5) business days before the Voting Deadline. If a creditor files a timely Claims Estimation Motion, the Debtors and the creditor shall request a hearing before the Voting Certification Deadline.

17. Any creditor seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file a motion (the "**Claims Estimation Motion**") no later than five (5) business days prior to the Voting Deadline.

8

This Court shall schedule a hearing on such Claims Estimation Motion for a date that is no later than five (5) business days prior to the Voting Certification Deadline.

18.  If a creditor casts a ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection filed no later than five (5) business days before the Voting Deadline, in accordance with Bankruptcy Rule 3018, the creditor's ballot shall not be counted (subject to the immediately following sentence), unless such claim is temporarily allowed by this Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor, notice is provided and a hearing is held no later than five (5) business days before the Voting Certification Deadline.  If an objection to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall be counted in such reduced amount and/or as the reclassified category, unless otherwise ordered by this Court after a Claims Estimation Motion is brought by such creditor in accordance with the provisions of this Order.

19.  The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

    a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

    b.  Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote.  Accordingly, an individual ballot or multiple ballots with respect to multiple claims within a single class (as opposed to the Master Ballot) that partially rejects and partially accepts the Plan will not be counted.

    c.  Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise

        properly executed and received prior to the Voting Deadline, will not be counted.

d.    Only ballots that are timely received with signatures will be counted. Unsigned ballots will not be counted. For creditors submitting their votes by E-Ballot, the creditor's electronic signature will be deemed to be immediately legally valid and effective.

e.    Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

f.    Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

g.    Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last valid ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

h.    If a creditor simultaneously casts inconsistent duplicate ballots with respect to the same claim, such ballots shall not be counted.

i.    Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Balloting Agent and the Debtors in their sole discretion, which determination shall be final and binding.

j.    If no creditor or interest holder in a particular class or classes entitled to vote to accept or reject the Plan votes either to accept or reject the Plan, such class or classes shall be deemed to have accepted the Plan.

k.    Subject to the requirements of, and compliance with, Bankruptcy Rule 3018, any creditor entitled to vote to accept or reject the Plan who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Balloting Agent at any time prior to the Voting Deadline. In order for a notice of withdrawal to be valid, it must (i) describe the claim, (ii) be signed by the creditor in the same manner as the Ballot was originally signed, and (iii) be received by the Balloting Agent on or before the Voting Deadline. The Debtors reserve the absolute right to contest the validity of any such withdrawals of Ballots.

20.    The following additional rules apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

    a.    Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such entities in the applicable security as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to the Master Ballots or pre-validated Beneficial Ballots, will not be counted in excess of the principal amount of such securities held by such Voting Nominee.

    b.    To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Balloting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominee.

    c.    To the extent that overvotes on the Master Ballot are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots or pre-validated Beneficial Ballots that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

    d.    Where a Beneficial Owner holds its Convertible Notes Claims through more than one Voting Nominee, it must execute a separate Class 6B Ballot for each block of Convertible Notes Claims. However, such holder must vote all of its Convertible Notes Claims in Class 6B in the same manner, to either accept or reject the Plan. Accordingly, if such holder returns more than one Ballot to more than one Voting Nominee voting different Convertible Notes Claims within Class 6B under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

    e.    For the purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Voting Agent may adjust such principal amount to reflect the claim amount, including prepetition interest.

21.    Any objections or responses to the proposed confirmation of the Plan (including any supporting memoranda) must be: (a) in writing; (b) state the name, address, and nature of the claim or interest of the objecting or responding party; (c) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objection; (d) provide proposed language to remedy such objection, if possible; and (e) be filed, together with proof of service, with the Court, and served so that objections and responses are actually received no later than August 22, 2019 at 4:00 p.m.

11

(prevailing Eastern Time).  The Court shall consider only timely filed written objections.  All objections not timely filed and served in accordance with the provisions of the Motion are hereby deemed waived.  Objections to confirmation of the Plan shall be served on the following parties, with a hard copy delivered to the Judge's Chambers:  (i) Aegerion Pharmaceuticals, Inc., 245 First Street, Riverview II, 18th Floor, Cambridge, MA 02142 (Attn: John R. Castellano); (ii) proposed counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Paul V. Shalhoub, Esq. and Andrew S. Mordkoff, Esq.); (iii) counsel to those certain lenders under the Debtors' proposed debtor-in-possession financing facility, the Debtors' prepetition secured bridge loan credit agreement and the Debtors' 2% unsecured convertible notes, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Richard A. Levy, Esq.) and King & Spalding LLP, 444 West Lake Street, Suite 1650, Chicago, IL 60606 (Attn: Matthew L. Warren, Esq.); (iv) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein, Esq. and Rachael Ringer, Esq.); (v) counsel to the U.S. Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Benjamin J. Higgins, Esq. and Brian S. Masumoto, Esq.); (vi) counsel to Novelion Therapeutics Inc., Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018 (Attn: Gregory Fox, Esq. and Jacqueline Mercier, Esq.); and (vii) counsel to Amryt Pharma Plc, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Matthew J. Williams, Esq. and Jason Zachary Goldstein, Esq.).

        22.     The Confirmation Hearing shall be held before this Court commencing on September 5, 2019 at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel can be heard.

23. The Debtors are authorized to publish the Confirmation Hearing Notice once in (a) *The New York Times* National Edition, (b) *The New York Times* International Edition, and (c) *The Boston Globe* not later than July 25, 2019.  Additionally, the Debtors shall post the Confirmation Hearing Notice electronically at the Balloting Agent's website at http://cases.primeclerk.com/aegerion.  Such publication of the Confirmation Hearing Notice complies with all requirements of due process and is deemed to provide sufficient notice of the approval of the Disclosure Statement, the Voting Record Date, the Voting Deadline, the time fixed for filing objections to confirmation of the Plan, and the time, date and place of the Confirmation Hearing to persons who do not otherwise receive actual written notice by mail as provided for in this Order and such notice is approved as adequate.

24. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Confirmation Hearing of any adjournment thereof or the filing of a notice or other appropriate filing with the Court; <u>provided</u>, the Debtors shall notify the Committee in advance of any adjournment of the Confirmation Hearing.

25. Prior to mailing the Disclosure Statement, Solicitation Packages, and Non-Voting Notices, the Debtors may fill in any missing dates and other information, correct any typographical errors, make the revisions to the Disclosure Statement and Plan reflected in the record of the hearing on the Motion, and make such other non-material, non-substantive changes to any such documents as the Debtors deem appropriate; <u>provided,</u> that a copy of any such changes shall be provided to the Committee in advance of their distribution and publication.

26. The Rights Offering may be commenced and conducted in accordance with the terms and conditions of the Rights Offering Procedures and the subscription form, in

Pg 14 of 14

substantially the forms annexed hereto as <u>Exhibit D</u>, and the Debtors and the Plan Investor may take such actions, including, but not limited to, engaging a subscription agent and expending funds, as necessary or appropriate to conduct and implement the Rights Offering.

27. The Debtors are authorized and empowered to take such steps and expend such funds as are necessary or appropriate to implement the terms of this Order.

28. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated:  July 11, 2019
        New York, New York

                                              <u>    /s/ Martin Glenn        </u>
                                                   MARTIN GLENN
                                              United States Bankruptcy Judge